IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHAPAT A. NABAYA, )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 3:13cv218-HEH
 ) Civil Action No. 3:13cv305-HEH
WALLY STARK, )
 )
        Defendant. )

## MEMORANDUM OPINION
### (GRANTING DEFENDANT'S MOTION TO DISMISS)

THIS MATTER is presently before the Court on three Motions to Dismiss in two related cases brought by *pro se* Plaintiff Shapat A. Nabaya ("Nabaya") against Defendant Wally Stark ("Stark"). (Def.'s Mot. to Dismiss, 3:13cv218 ECF No. 4; Def.'s Mot. to Dismiss, 3:13cv305 ECF No. 4; Def.'s Mot. to Dismiss Am. Compl., 3:13cv218 ECF No. 11.) The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated herein, the Court will grant Defendant's Motions and dismiss the two cases.

### I. BACKGROUND

Nabaya filed a complaint in the United States District Court for the Southern District of New York on March 4, 2013 ("Original Action") against Internal Revenue Service ("IRS") Agent Stark, the New York City Employees Retirement System ("NYCERS"), and two NYCERS employees. *See Nabaya v. Stark, et al.*, No. 1:13-cv-

1

01431-LAP (S.D.N.Y. Mar. 18, 2013) (Def.'s Mem. in Supp. Mot. to Dismiss, Ex. B, 1, 3:13cv218 ECF No. 5-1). Nabaya made two allegations against Stark in the complaint: (1) that Stark had improperly served a levy on Nabaya's NYCERS pension without obtaining a court order; and (2) that Stark had failed to respond to Nabaya's Freedom of Information Act ("FOIA") request. *Id.* at 1–2. The District Court dismissed the complaint for failing to state a claim for relief but granted Nabaya leave to file an amended complaint to address the proper defendant—the IRS—for his FOIA claim. *Id.* at 5–7.

The Court dismissed the first allegation against Stark—that he had improperly levied funds from Nabaya's NYCERS pension without obtaining a court order—for four reasons: (1) the IRS is not required to obtain a court order before issuing a levy; (2) the IRS has the authority to impose a levy on Nabaya's NYCERS pension; (3) Nabaya is prohibited from bringing the suit against Stark, an IRS employee performing his tax collection duties; and (4) the Tax Anti-Injunction Act, 26 U.S.C. § 7421 precludes enjoining the levy. *Id.* at 3–6.

With regard to the second allegation, the court held that Nabaya had failed to state a claim under FOIA, but granted him leave to file an amended complaint against the proper defendant. *Id.* at 7. The court held that Nabaya failed to state a claim under FOIA on three grounds: (1) his FOIA request was procedurally improper because it did not include proof of his identity; (2) Stark had no obligation to respond to the FOIA request because the agency has the duty to respond to such a request; and (3) regardless, the

2

agency is allowed 20 business days to respond to a FOIA request and is not limited to the five-day deadline that Nabaya sought to impose on Stark. *Id.* at 6–7.

On March 7, 2013, Nabaya filed suit in the Richmond General District Court, alleging the same facts and the same claims against Stark: (1) that Stark imposed a levy on his pension without obtaining a court order; and (2) that Stark failed to respond to the FOIA request at issue in the Original Action. (Compl. 10, 23–25 [hereinafter "Richmond Compl."], 3:13cv218 ECF No. 2.)[1] In April 2013, Stark removed the suit to this Court and filed a Motion to Dismiss ("First Motion to Dismiss") Nabaya's claims.

Following Stark's First Motion to Dismiss, Nabaya filed the following documents: "Answer and Verified Complaint of Libel" (3:13cv218 ECF No. 7), "Defendant's Motion to Strike Complaint and Memorandum in Opposition to Defendant's Motion to Dismiss" (3:13cv218 ECF No. 8), "Verified Complaint Under UCC 1-2-1(11) and UCC 9-502. Commercial Affidavit" (3:13cv218 ECF No. 9), and "Commercial Affidavit for Default" (3:13cv218 ECF No. 10). The Court construes these subsequent filings to constitute an "Amended Complaint," asserting the same essential claims as the original Richmond Complaint.[2] In his Amended Complaint, Nabaya also petitions the Court to recognize Paula Wilken ("Wilken") and Robert P. McIntosh ("McIntosh") as co-defendants.[3] In

---

[1] The Court construes the "Petition for Injunction or Mandamus" filed in the City of Richmond General District Court on March 7, 2013—asking the court to enjoin Stark from imposing an unlawful lien—to be Nabaya's Complaint.

[2] Nabaya appears to no longer assert his FOIA claim in his Amended Complaint. However, because Nabaya is proceeding *pro se*, the Court will liberally construe his filings and assume that he maintains his FOIA claim.

[3] Wilken is Stark's supervisor at the IRS, and McIntosh is the Assistant United States Attorney representing Stark in this matter. (Verified Complaint Under UCC 1-2-1(11) and UCC 9-502. Commercial Affidavit.)

3

response, Stark filed a second Motion to Dismiss ("Second Motion to Dismiss"), advancing the same arguments as the First Motion to Dismiss.

On May 1, 2013, Nabaya filed a nearly identical suit in the Chesterfield County General District Court alleging that: (1) Stark imposed a levy on his pension without obtaining a court order; and (2) Stark had not responded to the FOIA request. (Compl. [hereinafter "Chesterfield Compl."], 3:13cv305 ECF No. 1-2.)[4] Stark also removed this suit to this Court and filed a Motion to Dismiss ("Third Motion to Dismiss"), raising the same arguments as the first two Motions.

In the interest of judicial economy, the Court will address these redundant suits together. Stark's three Motions ask the Court to dismiss Nabaya's suits pursuant to the doctrine of *res judicata* and Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6). For the reasons articulated below, the Court finds that both suits are barred by *res judicata* and that Nabaya has failed to state a claim.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

---

[4] The Court construes the "Memorandum of Mechanic's Lien Claim by a Private Person Under Virginia Code 43-35" filed in the Chesterfield County General District Court on May 1, 2013 to be Nabaya's Complaint.

4

550 U.S. 544, 555 (2007) (internal quotation marks omitted). While a *pro se* litigant's pleadings are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. In considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

### III. ANALYSIS

#### A. The Claims are Barred by Res Judicata

Nabaya's claims are barred by the doctrine of *res judicata* because the Southern District of New York issued a final judgment on the merits in his Original Action in an Order dated March 18, 2013. That order dismissed Nabaya's complaint for failure to state a claim. *See Nabaya v. Stark, et al.*, No. 1:13-cv-01431-LAP (S.D.N.Y. Mar. 18, 2013). In the two current cases, Nabaya reasserts the claims that he first raised in the Original Action. Stark grounds his three Motions to Dismiss, *inter alia*, on *res judicata*, relying on the Southern District of New York's previous Order.

The defense of *res judicata* may be properly raised and ruled upon in a motion to dismiss. *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir.1969). For *res judicata* to apply, three elements must be met: (1) a court of competent jurisdiction must issue a final judgment on the merits; (2) a subsequent case must be filed involving the same parties or parties in privity with each other; and (3) the subsequent case must be

based on the same cause of action as the prior case. *See Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir.1999). "When entertaining a motion to dismiss on the ground of *res judicata*, a court may take notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006). The Court hereby takes judicial notice of the Southern District of New York's March 18, 2013 Order, pursuant to *Smoak* and Federal Rule of Evidence 201.

In evaluating the effect of the Southern District of New York's judgment for *res judicata* purposes, all three elements are satisfied. The first element is met because the Southern District of New York issued a final judgment on the merits when it dismissed Nabaya's complaint for failure to state a claim.[5] A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" for the purposes of *res judicata*. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399, n. 3 (1981).

Although the Southern District of New York granted Nabaya leave to amend his FOIA claim to address the proper defendant, the claims are nonetheless barred because the Complaints filed in the two current cases are "substantially the same as in the prior action." *Thomas v. Consolidation Coal Co. (Pocahontas Fuel Co. Div.)*, 380 F.2d 69, 84 (4th Cir. 1967) (quoting RESTATEMENT (FIRST) OF JUDGMENTS § 50 (1942)). Nabaya's

---

[5] That Nabaya initiated the Richmond suit before the Southern District of New York issued a final judgment is of no consequence. The Fourth Circuit has stated, "the concept of priority in time . . . simply means that, the issue **having already been decided** once by a court of competent jurisdiction, it should not be litigated a second time." *Graves v. Associated Transport, Inc.*, 344 F.2d 894, 901 (4th Cir. 1965) (emphasis added). Thus, *res judicata* applies because the Southern District of New York issued a final judgment on the merits prior to the resolution of the Richmond suit.

FOIA claim was dismissed by the Southern District of New York because his request was procedurally improper—he failed to join the proper defendant—and he had not exhausted his administrative remedies. An agency has 20 business days after receiving a FOIA request to determine whether to comply and to notify the person making such request of its determination, the reasons therefore, and their right to appeal to the head of the agency. *See* 5 U.S.C. § 552(a)(6)(A)(i). In order to exhaust his administrative remedies, a plaintiff must appeal to the head of the agency, who is then required to resolve the appeal within 20 business days. *See id.* § 553(a)(6)(A)(ii).

Again, Nabaya has failed to join the proper defendant in the current suits[6] and has failed to allege that he has exhausted his administrative remedies. So, even though he was granted leave to amend in the Original Action, Nabaya has failed to correct the same defects in the Complaints filed herein. *See Thomas*, 380 F.2d at 84; (Richmond Compl.); (Chesterfield Compl.). Thus, a final judgment on the merits was issued by the Southern District of New York on both Nabaya's improper levy and FOIA claims when it dismissed his complaint for failure to state a claim, satisfying the first element of *res judicata*. *See Nabaya v. Stark, et al.*, No. 1:13-cv-01431-LAP (S.D.N.Y. Mar. 18, 2013).

Further, the second element is met because the parties in the immediate suits are either the same as those in the Original Action or are in privity therewith. Nabaya and Stark were both parties to the Original Action, and Wilken and McIntosh are in privity

---

[6] Chief Judge Preska expressly stated in footnote 8 of her opinion that the agency is the proper defendant for a FOIA claim and that Nabaya should not assert a claim against Stark in an amended complaint. *See Nabaya v. Stark, et al.*, No. 1:13-cv-01431-LAP (S.D.N.Y. Mar. 18, 2013).

with Stark. *Id.* at 1. A party is in privity if his interests are so identified with the party to the former litigation that he represents "precisely the same legal right in respect to the subject matter involved." *Andrews v. Day*, 201 F.3d 521, 525 (4th Cir. 2000). Wilken and Stark's interests in defending against these suits are identical because they are both employees of the IRS and the allegations against them are based on the exact same set of facts. As Stark's attorney, McIntosh represents Stark's legal rights and thus, their interests in defending against these suits are also identical. Accordingly, Wilken and McIntosh are in privity with Stark because their interests are aligned with his and both represent the same legal right with respect to this matter.

Finally, both the immediate suits and the Original Action arise from the IRS imposing a levy on Nabaya's pension and Stark's alleged failure to respond to Nabaya's FOIA request. *See Nabaya v. Stark, et al.*, No. 1:13-cv-01431-LAP (S.D.N.Y. Mar. 18, 2013); (Richmond Compl.); (Chesterfield Compl.). Thus, the two current suits are based on the same cause of action as the Original Action, and the third element is satisfied.

Therefore, all three elements of *res judicata* are met, and Nabaya is barred from bringing these actions.

### B. Regardless of Res Judicata, the Claims are Meritless

Notwithstanding the prohibition by *res judicata*, both Complaints fail to state a claim for relief. Nabaya's allegation that Stark took collection action against him without obtaining a court order lacks merit. The IRS is not required to obtain a court order before imposing a levy on property. *See* 26 U.S.C. § 6330; *United States v. Rodgers*, 461 U.S. 677, 682 (1983) ("Administrative levy, unlike an ordinary lawsuit, . . . does not require

any judicial intervention . . . ."). Further, claims brought against IRS employees "arising in respect of the assessment or collection of any tax" are prohibited. 28 U.S.C. § 2680(c); *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known").

Nabaya's second allegation—that Stark failed to respond to his FOIA request—fails to state a claim because the agency, and not the employee, is responsible for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). Again, Nabaya has failed to file his Complaints against the proper defendant and thus, has failed to state a claim.

Therefore, not only are Nabaya's claims barred by *res judicata*, but also his allegations are meritless and would be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motions to Dismiss will be granted, and the claims will be dismissed with prejudice. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 10, 2013
Richmond, VA

9